IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DEON A. STEWART,<br><br>             Plaintiff,<br><br>vs.<br><br>WALLS., TAGET BOYD, CATHY SEARS, and BOARD OF MENTAL HEALTH,<br><br>             Defendants. | 8:24CV39<br><br>MEMORANDUM AND ORDER |

Plaintiff Deon A. Stewart filed a Complaint on February 1, 2024. Filing No. 1. He has paid the full filing fee, and the Court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915A.

## I. SUMMARY OF COMPLAINT

Plaintiff is an inmate currently confined in the Reception and Treatment Center ("RTC") under the custody of the Nebraska Department of Correctional Services ("NDCS"). Plaintiff sues Case Manager Walls, Warden Cathy Sears, Warden Target Boyd, and the Board of Mental Health under 42 U.S.C. § 1983 alleging violations of his rights under the Fifth and Eighth Amendments. Filing No. 1 at 4. Plaintiff's statement of claim consists of the following narrative:

> I Deon Stewart as a inmate reported an concern that men was in my walls also floor, an[d] I been rape. I told staff I wanted to kill myself. I was in observation for 7 days on A plan because Men[t]al Health. An[d] I tried to get out of room, I was in restraint for five month going on 6 in a Mental Health program. The program I had to do [unintelligible]. I was rape almost five to 6 month trap in room also someone else in the wall in the vents also floor area of the prison. I was move to a C1 Wing side with GP an[d] I[']m a Mental Health Inmate[.] I ask Warden, Case Manager to help me get to the yard, not segregation. Since they won[']t help me get

> treatment I ask to get off program to the yard my reports didn't matter. No canteen, no help, raise price on everything but in the facility don't add up to the price on canteen sheet. Is wrong.

Id. at 4–5 (spelling as in original).

Plaintiff also attached a one-page handwritten document to his Complaint in which he asserts claims of mental and emotional distress because he has "a mental illness," an "anger problem," and a "disability problem." Id. at 8. Plaintiff also alleges that "He get me in the room like I[']m Hi[s] to keep an[d] His girl not a man," and "He . . . keep me in a room rape, beat, mistreated." Id. It is unclear who "He" is.

As relief, Plaintiff seeks "help" and $50,000 in damages. Id. at 6.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. See 28 U.S.C. §§ 1915(e) and 1915A. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 569-70 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III.  DISCUSSION

**A.  No Allegations Against Board of Mental Health**

Plaintiff names the "Board of Mental Health" as a defendant in the Complaint's caption, but he makes no specific allegations against this defendant nor is it clear what exactly the Board of Mental Health is. "To prevail on a § 1983 claim, a plaintiff must show each individual defendant's personal involvement in the alleged violation." *Kingsley v. Lawrence Cty.*, 964 F.3d 690, 700 (8th Cir. 2020) (quoting *White v. Jackson*, 865 F.3d 1064, 1081 (8th Cir. 2017)). A plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution. *Iqbal*, 556 U.S. 662, 676 (2009). Plaintiff's failure to make any allegations

3

against the Board of Mental Health is fatal to his claims against it. Accordingly, the Board of Mental Health must be dismissed as a defendant to this action.

## B. Sovereign Immunity

Plaintiff sues NDCS Case Manager Walls and Wardens Sears and Boyd (the "NDCS Defendants") for damages. However, Plaintiff did not specify the capacity in which these defendants are sued. Where a plaintiff fails to "expressly and unambiguously" state that a public official is sued in his or her individual capacity, the court "assume[s] that the defendant is sued only in his or her official capacity." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities, and an employee of a state sued in the employee's official capacity. *See, e.g.*, *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446–47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g.*, *Dover Elevator Co.*, 64 F.3d at 447; *Nevels v. Hanlon*, 656 F.2d 372, 377–78 (8th Cir. 1981). There is nothing in the record before the Court showing that the State of Nebraska waived, or that Congress overrode, sovereign immunity in this matter. Thus, the Eleventh Amendment bars Plaintiff's claims for damages against Walls, Sears, and Boyd in their official capacities.

There is an exception to sovereign immunity. "State officials acting in their official capacities are § 1983 'persons' when sued for prospective relief, and the Eleventh Amendment does not bar such relief." *Murphy v. Arkansas*, 127 F.3d 750, 754 (8th Cir.

1997). Sovereign immunity also does not bar damages claims against state officials acting in their individual capacities. Liberally construed, sovereign immunity does not bar Plaintiff's request for "help" as he appears to be seeking prospective injunctive relief. While Plaintiff's official-capacity claims for prospective injunctive relief are not barred by sovereign immunity, and even if Plaintiff had sued the NDCS Defendants in their individual capacities, Plaintiff has failed to allege a plausible claim upon which relief may be granted.

**C. Deliberate Indifference to Medical Needs**

Liberally construed, Plaintiff may be alleging a claim of deliberate indifference to his serious medical needs in violation of the Eighth Amendment based on the NDCS Defendants' alleged failure to help Plaintiff "get treatment." Filing No. 1 at 5. To establish an Eighth Amendment violation, a prisoner must demonstrate an objectively serious medical need that the defendant knew about and deliberately disregarded. *Morris v. Cradduck*, 954 F.3d 1055, 1058 (8th Cir. 2020), *reh'g denied* (May 12, 2020) (citing *Barton v. Taber*, 908 F.3d 1119, 1124 (8th Cir. 2018)). The deliberate-indifference standard includes both an objective and a subjective component. Plaintiff must demonstrate that (1) he suffered from objectively serious medical needs, and (2) Defendants knew of, but deliberately disregarded, those needs. *See Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006) (Eighth Amendment claim based on inadequate medical attention requires proof that officials knew about excessive risks to inmate's health but disregarded them and that their unconstitutional actions in fact caused inmate's injuries); *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000).

Here, Plaintiff alleges in conclusory fashion that the NDCS Defendants will not help him get treatment so he asked "to get off program to the yard." Filing No. 1 at 5. However, to recover under section 1983, as Plaintiff seeks to do here, "the prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not give rise to the level of a constitutional violation." *Popoalii v. Correctional Med. Servs.*, 512 F.3d 488, 499 (8th Cir. 2008) (internal quotation marks and citation omitted); *see also Bender v. Regier*, 385 F.3d 1133, 1137 (8th Cir. 2004) (prisoner's mere disagreement with course of medical treatment fails to state claim against prison physician for deliberate indifference under Eighth Amendment). Plaintiff does not allege that Defendants have failed to provide him any treatment for his obviously serious mental illness, but only that Defendants would not get Plaintiff the "treatment" he wants or remove him from a program in which he was already participating. Plaintiff's allegations are insufficient to state an Eighth Amendment deliberate indifference claim.

### D. Conditions of Confinement in Mental Health Program

Liberally construed, Plaintiff appears to allege that the NDCS Defendants confined him to the Mental Health program for five to six months under conditions that violated his rights to due process and to be free from cruel and unusual punishment.

"An inmate who makes a due process challenge to his segregated confinement must make a threshold showing that the deprivation of which he complains imposed an atypical and significant hardship." *Portley-El v. Brill*, 288 F.3d 1063, 1065 (8th Cir. 2002) (internal quotations omitted); *see also Sandin v. Conner*, 515 U.S. 472, 484 (1995). The Eighth Circuit has consistently held that "administrative and disciplinary segregation are

not atypical and significant hardships[.]" *Portley-El*, 288 F.3d at 1065; *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) ("We have consistently held that a demotion to segregation, even without cause, is not itself an atypical and significant hardship.").

Similarly, under an 8th Amendment analysis, administrative segregation "is not necessarily unconstitutional, but it may be, depending on the duration of the confinement and the conditions thereof." *Hutto v. Finney*, 437 U.S. 678, 685–86 (1978) (internal quotations omitted).

> To establish that a prisoner's conditions of confinement violate the Eighth Amendment, the prisoner must show that (1) the alleged deprivation is, "objectively, sufficiently serious," resulting "in the denial of the minimal civilized measure of life's necessities," and (2) that the prison officials were deliberately indifferent to "an excessive risk to inmate health or safety," meaning that the officials actually knew of and disregarded the risk."

*Williams v. Delo*, 49 F.3d 442, 445 (8th Cir. 1995) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994)).

Here, Plaintiff's allegations fail to suggest an atypical and significant hardship or an objectively, sufficiently serious deprivation of the minimal civilized measure of life's necessities. Moreover, Plaintiff's allegations that he was raped, beaten, and mistreated in the room where he was kept in the Mental Health program are unsupported by any rational facts and appear entirely baseless, fanciful, fantastic, or delusional. *See Denton v. Hernandez*, 504 U.S. 25, 32-34 (1992) (court may dismiss complaint of plaintiff proceeding in forma pauperis as frivolous, and disregard clearly baseless, fanciful, fantastic, or delusional factual allegations); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (a complaint is frivolous where it lacks an arguable basis either in law or in fact). Plaintiff admits he suffers from serious mental health problems and has previously alleged in pleadings to this Court that he has been diagnosed with schizoaffective

7

disorder. See Filing No. 1 at 13, Case No. 4:23CV3171. Plaintiff's allegations that he was kept in the room with "someone else in the wall in the vents also floor area" and that he was raped by unspecified individuals, Filing No. 1 at 5, 8, cannot be reasonably considered as based in reality. See Stewart v. Dep't of Corr. Serv. Staff, No. 4:22CV3104, 2023 WL 9601554, at *5 (D. Neb. Oct. 11, 2023), aff'd, No. 23-3583, 2024 WL 506589 (8th Cir. Feb. 9, 2024) (finding "Plaintiff's conclusory factual allegations that [correctional officer] put a price on his head to be delusional and fanciful, especially in light of Plaintiff's other allegations that he suffers from mental illness, hears voices, and feels movement and people in his room").

Accordingly, the Court finds that Plaintiff's Complaint fails to state a plausible claim for relief based on his confinement in the Mental Health program and such claims should be dismissed as frivolous. See Phillips v. Three Unknown Police Officers, No. 4:19-CV-2922 RLW, 2020 WL 736237, at *3 (E.D. Mo. Feb. 13, 2020) (dismissing pro se complaint as frivolous and for failure to state a claim under 28 U.S.C. § 1915(e)(2) where plaintiff admitted that his mental illness "symptoms are being triggered" and plaintiff's "allegations concerning his estranged wife's activities in his house, and his belief that he is being followed by people conspiring to commit murder, are nonsensical and 'rise to the level of the irrational or the wholly incredible.'" (quoting Denton v. Hernandez, 504 U.S. 25, 33 (1992))); Wells v. F.B.I., No. 4:12CV1200 JCH, 2012 WL 2905131, at *1 (E.D. Mo. July 16, 2012) (dismissing in forma pauperis complaint where "factual allegations in the complaint are obviously derived from a delusional paranoia").

To the extent Plaintiff raises condition of confinement claims related to his access to the canteen or the prices charged in the canteen, his scant allegations are too vague to state a plausible claim for relief.

## IV. CONCLUSION

Plaintiff's Complaint fails to state a plausible claim for relief and is, therefore, subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2). On the Court's own motion and out of an abundance of caution, Plaintiff will be given 30 days in which to file an amended complaint that states a plausible claim for relief against Defendants and clearly explains what Defendants did to him, when Defendants did it, and how Defendants' actions harmed Plaintiff. Plaintiff is advised that any amended complaint he files will supersede his original Complaint.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall have 30 days to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the Court will result in the Court dismissing this case without further notice to Plaintiff.

2. In the event that Plaintiff files an amended complaint, Plaintiff shall restate the relevant allegations of the Complaint, Filing No. 1, and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, his prior pleadings.

3. The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) in the event he files an amended complaint.

4. The Clerk of Court is directed to set a pro se case management deadline using the following text: **November 18, 2024**: amended complaint due.

Dated this 18th day of October, 2024.

BY THE COURT:

*Joseph F. Bataillon*
Joseph F. Bataillon
Senior United States District Judge